UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CAPANA SWISS ADVISORS, AG | * | MISC. ACTION |
| | * | NO. 25-153 |
| VERSUS | | |
| | * | SECTION "R" (2) |
| RYMARK INC. | | |

**ORDER AND REASONS**

Movant Sarah Simkiss filed this Miscellaneous Action seeking to Quash or obtain a Protective Order relating to a Deposition Subpoena and Subpoena Duces Tecum issued in relation to the matter entitled "Capana Swiss Advisors AG v. Rymark, Inc.," pending as Civil Action No. 23-467 in the United States District Court for the District of Utah. ECF No. 1. Defendants filed an Opposition Memorandum, Movant filed a Reply Memorandum, and they filed Supplemental Memoranda. ECF Nos. 8, 14, 19, 20. Movant Simkiss has also filed a Motion to Stay, which is set for February 19, 2025, and she did not request expedited hearing of same. ECF No. 6.

Having considered the record, the submissions and arguments of counsel,[1] and the applicable law, movant's motion to quash or alternatively for protective order is GRANTED IN PART AND DENIED WITHOUT PREJUDICE IN PART for the reasons stated herein. The motion to stay is DENIED AS MOOT.

**I.   BACKGROUND**

  **A. The Utah Civil Action**

The underlying dispute at issue here arises out of an alleged international "pump and dump" securities fraud scheme. Plaintiffs Capana Swiss Advisors AG, AmeriMark Group AG,

---

[1] Although no party requested oral argument, the Court initially scheduled a hearing because certain information relevant to the analysis was not provided. ECF No. 9. When, however, the parties sought a continuance, the Court held a short conference, after which it cancelled the hearing and allowed the parties to file supplemental memoranda to address the Court's questions. ECF No. 18.

1

and AmeriMark Automotive AG are Swiss corporations that filed suit against Defendants Rymark Inc., Nicholas Thayne Markosian, John Kirkland, and Vicky Small alleging that Defendants launched a scheme to transfer ownership of Rymark (a used car dealership) into AmeriMark Automotive AG and then AmeriMark Group AG, AmeriMark Automotive's parent, to list it on a foreign stock exchange based on financial materials that contained false statements and misrepresentations.  D. Utah No. 23-467, ECF Nos. 1, 16.  Plaintiffs allege that, after AmeriMark Group's share price dropped, Defendant Markosian sought to disavow the transaction and assume illegitimate ownership over Rymark.  *Id.* ¶¶ 114, 119, 121.

Defendants filed an Answer and Counterclaim asserting that Markosian engaged third parties David Hestermann and Ashley Miron Leshem to find European investors for Rymark, but they fraudulently prepared documents transferring Rymark into a new Swiss entity and engaged in a variety of fraudulent transactions to list AmeriMark Group on the Vienna stock exchange.  D. Utah No. 23-467, ECF Nos. 11, 20.  Defendants filed a Third-Party Complaint against Hestermann and Leshem as well as several other defendants (including Plaintiff Capana's principal, Shaen Bernhardt).  D. Utah No. 23-467, ECF No. 139.

Discovery in the Utah proceeding was scheduled to close on January 28, 2025.  D. Utah No. 23-467, ECF No. 88.  Simkiss and her husband own H2E Americas, LLC.  ECF No. 1-2 at 2.  Evidently, H2E was mentioned in recent depositions in the Utah case, after which Defendants issued subpoenas to H2E, Simkiss, and her husband.  *Id.* at 2-3.

B. **This Miscellaneous Action**

A process server delivered two subpoenas (issued by Defendants Rymark, Inc., Markosian, and Small) to Simkiss' non-English speaking housekeeper on December 20, 2024.  ECF No. 1-4 ¶ 5.  The subpoena duces tecum demanded production of documents in Salt Lake City, Utah by

January 8, 2025, and the deposition subpoena scheduled the remote deposition (via zoom) for January 23, 2025. *Id.* at 4, 13. No witness fee was included with that service. ECF No. 19 at 3.

Simkiss's counsel sent objections to the subpoena duces tecum on December 26, 2024. ECF Nos. 1-3 at 2, 24-39; 1-2 at 3. On January 22, 2025, Movant Sarah Simkiss filed this miscellaneous action seeking to quash the subpoena and subpoena duces tecum, or alternatively, for a protective order on the basis that Defendants failed to properly serve her, the subpoena duces tecum does not provide sufficient time for compliance, and the subpoena duces tecum subjects her to undue burden. ECF No. 1. Simkiss asserts that, although the subpoena and subpoena duces tecum were issued out of the District of Utah, her motion is proper in this Court because compliance is required in this district because she resides here. ECF No. 1-2 at 4.

Simkiss's declaration indicates she currently resides in New Orleans, Louisiana, and also resides in Ardmore, Pennsylvania. ECF No. 1-4 ¶¶ 1, 4 (identifying Orleans Parish as her current residence; identifying the Ardmore, Pennsylvania address on the subpoenas as her personal residence). Simkiss's husband John Simkiss resides in Pennsylvania. ECF No. 1 at 3 n.2. Although Simkiss asserts that the process server delivered the subpoenas to her housekeeper, her filings do not indicate whether the housekeeper was located at her New Orleans or Ardmore home when served. During the February 11, 2025, status conference, Movant's counsel indicated that the housekeeper was served at Movant's home in Pennsylvania. Simkiss has a Pennsylvania driver's license but is in the process of transferring it to Louisiana. ECF No. 20-1 ¶ 5. She is employed as Chief Executive Officer of Energy Group Networks, LLC located in Santa Clara, California but typically works virtually from home. *Id.* ¶ 6. Simkiss also argues that she did not have sufficient time to respond, and the requests are unduly burdensome. ECF Nos. 1 at 2-4; 1-2 at 1, 6-8.

In opposition to the motion to quash, Defendants Rymark and Markosian argue that H2E is involved in a contemplated transaction by which it would come into possession of certain shares of stock allegedly stolen from Markosian, and movant Simkiss owns 95% of H2E. ECF No. 8 at 2. Defendants argue that Simkiss was properly served, and even if her housekeeper accepted the subpoenas, there is no dispute that Simkiss received same. *Id.* at 3. Defendants argue that the process server has tried to serve Mr. Simkiss on nine different dates and the process server thought he was personally serving Sarah Simkiss; regardless, they argue, the Simkisses' evasive conduct should not be condoned. *Id.* at 6. Defendants argue that they seek relevant information and Rule 45 does not allow a motion to quash based on improper service. *Id.* at 6-7. Defendants further argue that they are willing to work with respondents on timing provided the discovery deadline is extended and there is no undue burden. *Id.* at 8-9.

In Reply, Movant reiterates her prior arguments and asserts that Defendants waited until the eleventh hour to issue the subpoenas and did not alleviate the burden. ECF No. 14 at 2-8.

## II.   APPLICABLE LAW AND ANALYSIS

While a person may have only one domicile at a particular time, he may have several residences.[2] Movant's declaration indicates that she has two residences: New Orleans, Louisiana and Ardmore, Pennsylvania. Because her declaration is not clear regarding whether the process server delivered the subpoenas at issue to her New Orleans or Ardmore residence, the Court inquired about that and other relevant information during the February 11, 2025, conference.

The Federal Rules of Civil Procedure specifically provide for the taking of depositions by telephone or other remote means.[3] However, a party may not unilaterally choose to hold a remote

---

[2] *Knapp v. State Farm Ins.*, 584 F. Supp. 905, 907 (E.D. La. 1984).
[3] *See* FED. R. CIV. P. 30(b)(4).

4

deposition; there must be consent or a court order.[4]  Further, Rule 45(a)(1)(A)(iii) requires that the subpoena specify "a specified time and place" to testify or produce documents.  The place of compliance, for either the deposition or document production, must be within 100 miles of where the person resides, is employed, or regularly transacts business.[5]  In addition, proper service includes not only delivery of the subpoena to the deponent but also the tender of the statutory witness fee and estimated mileage fees.[6]  In the Fifth Circuit, proper delivery requires personal delivery of the subpoena (not domiciliary service on anyone at the person's home).[7]  Even service on counsel is insufficient.[8]

Movant confirmed that process was delivered to her home in Pennsylvania, not her home in Louisiana.  While the place of service may not be critical to the place of compliance,[9] it is relevant given Movant's multiple residences.  As to personal service, the record contains

---

[4] *Id.*; *see also Thompson v. McDonough*, No. 23-499, 2024 WL 4381250, at *2 (N.D. Okla. Oct. 3, 2024).  Rule 30(b)(4) does not specify the considerations in determining whether to grant a request for a remote deposition, and thus, the decision is left to the discretion of the Court, which must balance claims of prejudice and those of hardship, carefully weighing all of the relevant facts.  *In re Terrorist Attacks on Sept. 11, 2001*, 337 F.R.D. 575, 578 (S.D.N.Y. 2020) (citations omitted).

[5] FED. R. CIV. P. 45(c)(1)(A), (2)(A).

[6] *Id.* 45(b)(1); 28 U.S.C. § 1821.

[7] FED. R. CIV. P. 45(b)(1); *In re Dennis*, 330 F.3d 696, 704 (5th Cir. 2003) ("[T]he rule indicates that proper service requires . . . personal delivery of the subpoena . . . ."); *Bradley v. Keymarket of New Orleans, Inc*., 26 F.3d 1119 (5th Cir. 1994) (affirming district court's quashing the subpoenas not personally served) (citing FED. R. CIV. P. 45(b)(1)) ("Service of a subpoena upon a person named therein shall be made by delivering a copy thereof to such person and, if the person's attendance is commanded, by tendering to that person the fees for one day's attendance and the mileage allowed by law."); *see also* 9 CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2461, at 447 (3d ed.) ("Unlike service of a summons and complaint, it is not sufficient to leave a copy of the subpoena at the dwelling place of the witness."); *Weiss v. Allstate Ins. Co*., 512 F. Supp. 2d 463, 466 (E.D. La. 2007) (Vance, J.) ("[S]ervice is improper if the person himself is not served with a copy of the subpoena"); *Scottsdale Ins. Co. v. Educ. Mgmt., Inc.*, No. 04-1053, 2007 WL 2127798, at *3 (E.D. La. July 25, 2007) (noting that a majority of courts in various jurisdictions require personal service of a subpoena); *Omikoshi Japanese Rest. v. Scottsdale Ins. Co*., No. 08–3657, 2008 WL 4829583, at *1 (E.D. La. Nov. 5, 2008) (applying personal service requirement to subpoena for records propounded upon a non-party).

[8] *Harrison v. Prather*, 404 F.2d 267, 273 (5th Cir. 1968).

[9] FED. R. CIV. P. 45(c) advisory committee's notes to 2013 amendment (noting that, unlike the prior rule, place of service is not critical to place of compliance).

5

conflicting evidence regarding whether the process server delivered the subpoenas to Movant Simkiss or her housekeeper.[10]

Defendants argue that the Court may not quash a subpoena based on improper service because the six bases to quash a subpoena set forth in Rule 45(d)(3) are exclusive. Defendants cite no authority for that position, and Fifth Circuit precedent is to the contrary. Indeed, courts regularly quash subpoenas for failure to comply with other provisions of Rule 45, including Rule 45(b)(1) (personal service and witness fee)[11] and Rule 45(a)(4) (prior notice to parties).[12] Thus, the failure to properly serve a subpoena is a proper basis for a motion to quash.

Whether this Court is the proper court to address the motion to quash, however, is far less clear, and the movant bears the burden of showing that a motion to quash was filed in the correct district.[13] While Movant argues that this Court has jurisdiction to quash the subpoena, she cites only one case to support that contention (*Sussman v. Fin. Guards*, LLC, No. 15-2373, 2017 WL 11672894, at *3 (E.D. La. Dec. 12, 2017)), but *Sussman* does not support Movant's argument. First, the court in *Sussman* addressed the Plaintiff's motion for protective order in a case pending in the Eastern District of Louisiana, not a non-party's motion to quash filed as a Miscellaneous Action. And although Judge Roby granted the Plaintiff's motion to quash a subpoena issued to a

---

[10] Although a signed return of service is prima facie evidence of valid service, that may be overcome by strong and convincing evidence. *People's United Equip. Fin. Corp. v. Hartmann*, 447 F. App'x 522, 524 (5th Cir. 2011) (citations omitted). A sworn denial of receipt of service rebuts that presumption. *In re Metal Process Int'l, L.P.*, No. M-13-036, 2013 WL 12155025, at *4 (S.D. Tex. May 13, 2013) (citing *Old Republic Ins. Co. v. Pac. Fin. Servs. Of Am.*, 301 F.3d 54, 57 (2d Cir. 2002)).

[11] *See, e.g.*, *In re Dennis*, 330 F.3d 696, 705 (affirming decision to quash subpoena served without tendering required witness fee because Rule 45 requires both personal service and delivery of witness fee); *Bonnecaze v. Ezra & Sons, LLC*, No. 14-1774, 2016 WL 1268339, at *3-4 (E.D. La. Mar. 31, 2016) (granting motion to quash served via email and U.S. first class mail); *Armendariz v. Chowaiki*, No. 14-451, 2015 WL 13373576, at *1 (W.D. Tex. June 11, 2015) (holding that court must quash subpoena to person not personally served in compliance with the stringent service requirements of Rule 45 because he is not subject to the subpoena absent proper service).

[12] *See, e.g.*, *Williams v. Weems Comm. Mental Health Ctr.*, No. 04-179, 2006 WL 905955, at *2 (S.D. Miss. Apr. 7, 2006) (collecting cases to hold that a party's failure to serve a copy of a subpoena on his opponent, as required by Rule 45(b)(1), supports the decision to quash a subpoena).

[13] *York Holding, Ltd. v. Waid*, 345 F.R.D. 626, 628 (D. Nev. 2024).

third party based on *Plaintiff*'s personal interest in the subpoenaed documents, she *denied* the motion to quash the subpoena as to another non-party BlueHost Inc. because Plaintiff had no personal interest in those documents and the Eastern District of Louisiana was not the place of compliance. *Id.* at *3-4.

The relevant cases in determining the location of compliance are not entirely consistent.[14] The majority of courts to consider the issue have concluded that, for purposes of a Rule 45(d)(2) or (d)(3) motion, the district "where compliance is required" is determined by the location or "place" for compliance identified on the subpoena as required by Rule 45(a)(1)(A)(iii).[15] These courts reason that the place of compliance is that stated on the subpoena, even if that location is not proper under Rule 45(c), because this provides a clear answer and avoids the need for intensive fact-finding on this threshold issue of which district is the proper district to address the Rule 45(d) motion.[16] The minority view is that the place of compliance must be determined by the location

---

[14] *Adams v. Symetra Life Ins. Co.*, No. 19-401, 2020 WL 489523, at *2 (D. Kan. Jan. 28, 2020) (listing conflicting cases, some holding that "place of compliance" is that identified on the subpoena and others holding that the "place of compliance" depends on where the subpoenaed person resides or works).

[15] *CSS, Inc. v. Herrington*, 354 F. Supp. 3d 702, 709 (N.D. Tex. 2017) (citations omitted) (holding place of compliance for subpoena duces tecum is place identified on the face of the subpoena); *Cenac v. Orkin, L.L.C.*, No. 15-4521, 2020 WL 13888745, at *2 (E.D. La. Sept. 11, 2020) (Douglas, M.J.) (holding that place identified in subpoena is place of compliance); *Providence Title Co. v. Truly Title, Inc.*, No. 21-147, 2022 WL 17981500, at *2 (E.D. Tex. Sept. 29, 2022) (same); *In re Highground Holdings, LLC*, No. 22-267, 2022 WL 4593088, at *3 (M.D. La. Sept. 29, 2022) (quashing subpoena duces tecum served on Dallas, Texas entity that requested production by email and identified only counsel's office address 500 miles away); *Schnelle v. Swift Tech. Servs. LLC*, No. 21-MC-02466, 2022 WL 705873, at *2 (S.D. Tex. Mar. 9, 2022) (stating that initial question of which court is the proper court to hear or transfer a subpoena-related motion is determined by the location identified on the subpoena and an email address is not a location); *Fidelis Grp. Holdings, LLC v. Chalmers Auto., LLC*, No. 16-3258, 2016 WL 4547994, at *2 (E.D. La. Sept. 1, 2016) (holding that place of compliance is location identified on subpoena duces tecum); *see also Proffit v. Highlands Hosp. Corp.*, No. 21-27, 2021 WL 5323708, at *1 (N.D. Ind. Nov. 16, 2021) (listing cases holding that place where compliance is required is location where documents are to be sent, not where the subpoenaed party is located).

[16] *See Pizana v. Basic Rsch., LLC*, No. 18-644, 2022 WL 1693317, at *2 (E.D. Cal. May 26, 2022) (holding that a majority of federal courts agree that the place of compliance is determined by the place named in the subpoena, even if not proper under Rule 45(c)); *GreenLake Real Est. Fund LLC v. Waid*, No. 24-40, 2024 WL 3009015, at *2 (C.D. Cal. Apr. 11, 2024) (same).

7

of the deponent because Rule 45 is designed to ensure that subpoena disputes are resolved locally to protect the subpoenaed nonparty.[17]

"Although Rule 45(a)(1)(A)(iii) permits the subpoena to direct a place of compliance, that place must be selected in accordance with Rule 45(c)."[18]  Thus, because the place of compliance on the face of the subpoena must be within 100 miles of the district in which the deponent resides, is employed or regularly conducts business in person, the majority view already provides the local protection for the non-party underlying Rule 45(c).  And the court identified on the subpoena can properly determine whether the specified location fails to comply with Rule 45(c) in ruling on a Rule 45(d)(3)(A)(ii) motion consistent with Rule 45's text and structure as well as the practical realities that courts presented with subpoena-related motions and applications face if the place of compliance were not reflected on the face of the subpoena.[19]

The importance of having a clear answer to this threshold question of which district is the place of compliance is illustrated by this case.  And the absence of that information on the face of the deposition subpoena renders resolution of this motion difficult, if not impossible, due to that absence.[20]  Take the facts of this case.  Movant received two subpoenas delivered to her Pennsylvania home, one for a deposition and one for documents.  Because she resides in multiple districts,[21] she elected to file the motion to quash in this district, which is neither identified as the place of compliance on either subpoena nor is it within the district in which service occurred.  As to her employment and where she regularly transacts business, Movant's supplemental

---

[17] *York*, 345 F.R.D. 626, 628 (holding that place of compliance must be tethered to the location of the subpoenaed person).
[18] FED. R. CIV. P. 45(c) advisory committee's notes to 2013 amendment.
[19] *Dental Res. Sys., Inc. v. Ashcraft*, No. 20-2085, 2021 WL 3772688, at *1 (N.D. Tex. Mar. 11, 2021).
[20] *Fed. Ins. Co. v. Tungsten Heavy Powder & Parts, Inc.*, No. 21-1197, 2022 WL 2820667, at *8 (S.D. Cal. July 18, 2022).
[21] Movant's declarations reflect two potential districts of compliance: Eastern District of Louisiana (encompassing her New Orleans home) or Eastern District of Pennsylvania (encompassing her Ardmore home).

memorandum indicates she is employed in California but works remotely and conducts meetings with customers in Louisiana. ECF No. 20-1 ¶¶ 6-7. Thus, if the deponent's location is determinative of the "place of compliance," the appropriate forum in this case could be the Eastern District of Louisiana, the Eastern District of Pennsylvania, or the Northern District of California.

Determination of the place of compliance should not vary based on the non-party deponent's unilateral decision to travel from one district to another. Accordingly, the cases that have found the place of compliance, for purposes of Rule 45(d)(2) and (3) motions, is the location reflected on the subpoena are more consistent with the text of Rule 45 and provide the more persuasive analysis. Accordingly, I find that the location of compliance is that set forth on the face of the subpoena.

### A. The Subpoena Duces Tecum

In this case, Salt Lake City, Utah is identified as the place of compliance for the subpoena duces tecum. ECF No. 1-4 at 4. Thus, the motion to quash subpoena duces tecum must be filed in that district, and this Court is not the proper forum to consider the motion to quash the subpoena duces tecum.[22] That court is similarly positioned to assess whether the District of Utah is within 100 miles of where Movant resides, is employed, or regularly transacts business, and if not, quash the subpoena duces tecum for noncompliance with Rule 45(c). FED. R. CIV. P. 45(d)(3)(A)(ii).

### B. The Deposition Subpoena

The deposition subpoena does not specify a place of compliance. ECF No. 1-4 at 13. Rather, it simply specifies a remote access link via zoom. *Id.* "Zoom Videoconferencing" is a

---

[22] *See Westchester Cnty. v. Doe*, No. 20-12, 2020 WL 14021063, at *3 (W.D. Tex. June 11, 2020) (holding that it had no jurisdiction over subpoena duces tecum demanding production in White Plains, New York).

method of taking the deposition, not a "place."[23] The place of compliance must be a physical "place," with geographical limits and capable of being measured according to mileage.[24]

In its supplemental memorandum, Defendants argue that the absence of a court order or stipulation to hold a remote deposition is irrelevant because the parties have conducted multiple depositions remotely and Movant is estopped from objecting to this established practice. ECF No. 19 at 2. Defendants cite no authority for this estoppel principle and fail to recognize that Rule 30(b)(2) explicitly requires either a court order or stipulation[25] when they have neither.

When the parties have a court order or stipulation for a remote deposition, the deposition is deemed to take place where the deponent answers the questions.[26] But there is no provision for determining the location of a requested remote deposition absent consent or court order. And courts have held that a subpoena listing only a remote access link is facially void for failure to comply with Rule 45(a)(1)(A)(iii).[27] Some courts that have considered where the place of compliance is for a remote deposition with only a zoom link have found that the place of compliance is where the deponent resides or is located,[28] but those cases fail to recognize that a video link is the method for taking the deposition, not the physical "place of compliance."[29]

---

[23] *Frobe v. UPMC St. Margaret*, No. 20-00957, 2021 WL 9628848, at *2 (W.D. Pa. July 13, 2021).
[24] *Herrington*, 354 F. Supp. 3d at 709.
[25] Rule 29 authorizes stipulations related to discovery, but the Fifth Circuit requires the stipulation to be in writing. *See In re Carney*, 258 F.3d 415, 419 (5th Cir. 2001); *see also Riley v. Walgreen Co.*, 233 F.R.D. 496, 500 (S.D. Tex. 2005) (citing FED. R. CIV. P. 29) (Rule 29 stipulation "need not take any particular form, so long as they are in writing."); *Pescia v. Auburn Ford-Lincoln Mercury Inc.*, 177 F.R.D. 509, 510 (M.D. Ala. 1997) (refusing to enforce oral agreement regarding deposition in the absence of written stipulation).
[26] FED. R. CIV. P. 30(b)(4).
[27] *House v. Wayne USA Co.*, No. 19-2674, 2024 WL 4334404, at *2 (E.D.N.Y. Sept. 27, 2024) (quashing subpoenas with videoconferencing link as facially void for failure to list physical place of compliance and citing cases).
[28] *Russell v. Maman*, No. 18-6691, 2021 WL 3212646, at *2 (N.D. Cal. July 29, 2021) (accepting concession that place of compliance for remote zoom deposition was where deponent resided rather than issuing district); *Krevolin & Horst, LLC v. Raheel*, No. 20-41, 2022 WL 22868032, at *1 (M.D. Fla. Mar. 21, 2022) (holding place of compliance for remote deposition is where deponent is located); *Patane v. Nestle Waters North Am. Inc.*, No. 17-1381, 2022 WL 6569823, at *3 (D. Conn. Oct. 4, 2022) (same).
[29] *Frobe*, 2021 WL 9628848, at *2 (W.D. Pa. July 13, 2021); *Herrington*, 354 F. Supp. 3d at 709.

Determining the proper district in which to seek to quash the facially void subpoena is thus unclear in this case due to the absence of a location. And while Rule 45(f)[30] provides that the court may transfer a Rule 45(d) motion to the issuing court, it provides no authority for a court to transfer the motion when that court is *neither* the court where compliance is required *nor* the issuing court.[31] Thus, if this Court is the proper venue to transfer the motion, it is also the proper venue to address the motion.

The absence of specified place of compliance on the face of the deposition subpoena, as required by Rule 45(a)(1)(A)(iii), cannot mean that Movant has no district within which to seek relief under Rule 45(d). While one could argue that Movant's home address in Pennsylvania reflected as the place of service could be considered the "place" of compliance, even that is not the specified "place of compliance" because only a remote zoom link is identified on that portion of the subpoena. Given Movant's stated residence in this district, in these unique circumstances,

---

[30] Federal Rule of Civil Procedure 45(f) provides that "[w]hen the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." When the movant does not consent, transfer is proper only if exceptional circumstances exist. *Id.* Rule 45 does not define "exceptional circumstances," but the Advisory Committee Note states:

> In the absence of consent, the court may transfer in exceptional circumstances, and the proponent of transfer bears the burden of showing that such circumstances are present. The prime concern should be avoiding burdens on local nonparties subject to subpoenas, and it should not be assumed that the issuing court is in a superior position to resolve subpoena-related motions.
>
> In some circumstances, however, transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts. Transfer is appropriate only if such interests outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion.

FED. R. CIV. P. 45(f) advisory committee's notes to 2013 amendment. In determining whether exceptional circumstances exist, courts consider several factors, including "the complexity, procedural posture, duration of pendency, and the nature of the issues pending before, or already resolved by, the issuing court in the underlying litigation." *CSS, Inc*, 354 F. Supp. 3d 702, 707; *see also Jud. Watch, Inc. v. Valle Del Sol, Inc*., 307 F.R.D. 30, 34 (D.D.C. 2014) (same). Courts regularly find exceptional circumstances where transfer to the issuing court would provide for consistent outcomes and avoid unnecessary disruption of the issuing court's case management. *See, e.g., Gaddis v. Garrison Prop. & Cas. Co*., No. 16-456, 2016 WL 3081067, at *2 (W.D. Tex. May 31, 2016).

[31] *SynQor, Inc. v. Vicor Corp*., No. 14-79, 2014 WL 2519242, at *2 (N.D. Tex. June 3, 2014).

11

I find that this Court has the authority to address Movant's Motion to Quash the deposition subpoena for purposes of Rule 45(d). And in light of the conflicting evidence regarding personal service, the failure to tender the required witness fee, and the failure to specify a location for the deposition as required by Rule 45(a)(1)(A)(iii), I find the deposition subpoena is facially invalid.

### III.  CONCLUSION

For the foregoing reasons, the proper forum within which to seek relief from the subpoena duces tecum is the District of Utah as that is the stated district of compliance. While it is not entirely clear that this is the proper district within which to seek relief for the unauthorized remote deposition subpoena, given Movant's residence in this district and the facially invalid subpoena, in these unique circumstances, I find that relief is proper in this Court.

Accordingly, for the foregoing reasons,

IT IS ORDERED that Sarah Simkiss's Motion to Quash Non-Party Subpoenas or for Entry of Protective Order is GRANTED IN PART and the deposition subpoena is QUASHED and DENIED IN PART WITHOUT PREJUDICE as to the subpoena duces tecum because the proper forum for that motion is the District of Utah.

IT IS FURTHER ORDERED that Sarah Smikiss's Motion to Stay is DENIED AS MOOT.

New Orleans, Louisiana, this ___19th___ day of February, 2025.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE